UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00450-GNS

CARL EDWIN STONE, Executor of the
ESTATE OF CATHERINE STONE, et al.                                       PLAINTIFFS

v.

DEAN DAIRY HOLDINGS, LLC,
d/b/a DEAN MILK COMPANY, LLC, et al.                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions to Transfer (DN 5) and to Dismiss (DN 6), and Plaintiffs' Motions for an Extension of Time (DN 8) and to Remand (DN 14). The motions are ripe for adjudication.

**I.     SUMMARY OF THE FACTS**

In July 2015, Cathy Stone ("Cathy") initiated an action in Jefferson (Kentucky) Circuit Court against Defendant Dean Dairy Holdings, LLC, d/b/a Dean Milk Company, LLC ("Dean"), alleging claims under Kentucky law. (Notice Removal Ex. A, at ¶¶ 2-3, 104-29, DN 1-1).[1] The action was later dismissed, which dismissal was ultimately reversed on appeal. (Compl. ¶¶ 27-30, 34-35); *see Stone v. Dean Dairy Holdings, LLC*, 638 S.W.3d 877 (Ky. App. 2022).

While the appeal was pending, Dean filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Texas. (Compl. ¶ 34; Notice Removal 2-3, DN 1; *see* Notice Removal Ex. B, DN 1-2). In a letter to Carl's counsel, and in a motion filed in Jefferson Circuit Court, Defendant John O. Sheller ("Sheller")—a member of Defendant Stoll Keenon

---

[1] Plaintiff Carl Edwin Stone ("Carl") was substituted as plaintiff following Cathy's death. (Compl. ¶¶ 2, 24, DN 1-1).

Ogden ("SKO")—explained that Dean was seeking to recover attorney's fees and expenses in the pending lawsuit. (Compl. ¶¶ 3, 30-33; *see* Compl. Ex. 2, DN 1-1). Sheller claimed Dean would file a separate action if this relief was not granted by the court. (Compl. ¶ 33; Compl. Ex. 2, at 2). The motion for fees and expenses was held in abeyance pending appeal and was never ruled upon. (Defs.' Mot. Dismiss Ex. B, DN 6-2).[2]

As a result of the letter and motion, Carl—individually and as executor of Cathy's estate—along with the law firm representing Carl and two of its attorneys (collectively "Plaintiffs") initiated this action against Dean, Sheller, SKO, and a Dean employee (collectively "Defendants") in Jefferson Circuit Court, alleging Defendants conspired to retaliate against Plaintiffs for appealing the dismissal of their lawsuit. (Compl. ¶¶ 36-40). Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1334 and 1452 and now move to transfer or dismiss it. (Notice Removal 4; Defs.' Mot. Transfer, DN 5; Defs.' Mot. Dismiss, DN 6). Plaintiffs move to remand the action. (Pls.' Mot. Remand, DN 14).

## II. DISCUSSION

"A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). Section 1334 bestows original and exclusive jurisdiction to district courts for bankruptcy actions under Title 11 and original but non-exclusive jurisdiction for actions arising in, under, or related to Title 11 cases. 28 U.S.C. § 1334; *Giese v. Lexington Coal Co. (In re HNRC Dissolution Co.)*, 761 F. App'x 553, 559 (6th Cir. 2019) (citation omitted). "Related to" jurisdiction is interpreted expansively, with the

---

[2] At this stage, courts may consider materials other than the complaint if they are public records or otherwise appropriate for judicial notice. *See Carr v. Louisville-Jefferson Cnty., Ky. Metro Gov't*, 37 F.4th 389, 392 (6th Cir. 2022).

"usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re HNRC Dissolution Co.*, 761 F. App'x at 559 (citation omitted).

Regardless, actions removed under Section 1452 may be remanded "on any equitable ground," and this decision "is not reviewable by appeal . . . ." 28 U.S.C. § 1452(b); *accord* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding . . . related to a case under title 11."). Courts consider several factors in determining whether remand is equitable, including forum non conveniens; the state court's aptitude for state law questions; the risk of duplicative and uneconomic use of judicial resources; prejudice to the involuntarily removed parties; comity considerations; and a lessened possibility of an inconsistent result. *Rachmale v. Conese*, 515 B.R. 567, 573 (Bankr. E.D. Mich. 2014) (citation omitted); *see also Lowenbraun v. Frentz (In re Lowenbraun)*, 313 B.R. 408, 413 (Bankr. W.D. Ky. 2004).

Plaintiffs' present claim arises out of an action still pending in Jefferson Circuit Court and is intertwined with the claims asserted therein. *See Stone*, 638 S.W.3d at 879. In both lawsuits Plaintiffs only state claims under Kentucky law and sought to consolidate the two actions, thereby mitigating the risk of duplicative evidence or inconsistent judgments, though the motion was not ruled upon before Defendants' removal of this action. (*See* Notice Removal Ex. A). Plaintiffs would also be prejudiced, as Defendants request a transfer to the U.S. Bankruptcy Court for the Southern District of Texas, despite most of the parties living or operating in Kentucky. (*See* Compl. ¶¶ 1-9; Defs.' Mot. Transfer). Finally, federal courts are cautioned against unnecessary interventions into issues of state law. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124,

131-32 (1995) (Ginsburg, J., concurring) ("Congress, when it added § 1452 to the Judicial Code chapter on removal of cases from state courts . . . meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases."); *accord Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 817 (1993) (Scalia, J., dissenting) (explaining that "comity of courts" is embodied through "judges declin[ing] to exercise jurisdiction over matters more appropriately adjudged elsewhere . . . ."). With these considerations in mind, remanding this action to the Jefferson Circuit Court is most appropriate under the circumstances. The related case is still pending there, and that forum undoubtedly provides the most judicially economic forum for resolution of this matter.

Given this conclusion, Defendants' motion to transfer is denied, and Plaintiffs' motion for an extension of time to respond to Defendants' motions is denied. Defendants' motion to dismiss the action is denied without prejudice, as the Jefferson Circuit Court is instead the proper venue for such a motion.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Transfer (DN 5) is **DENIED** and Motion to Dismiss (DN 6) is **DENIED WITHOUT PREJUDICE**, and Plaintiffs' Motion for Extension of Time (DN 8) is **DENIED AS MOOT**. Plaintiffs' Motion for Remand (DN 14) is **GRANTED**. This action is **REMANDED** to Jefferson Circuit Court. The Clerk shall strike this matter from the active docket.

April 10, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc:  counsel of record
     Clerk, Jefferson Circuit Court (Civil Action No. 22-CI-004081)